[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16424
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01307-RLV

GARY LAMAR,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 23, 2013)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Gary Lamar, an African-American male, filed a complaint against Ray

LaHood, the Secretary of the U.S. Department of Transportation, who oversees

Lamar's employer, the Federal Aviation Administration (FAA). Lamar asserts that he applied for a promotion to the position of National Aerospace Systems Operation Manager. Despite his superior qualifications, three other candidates were selected over him. He alleges that his non-selection was based on race and age discrimination as well as retaliation. The district court granted summary judgment, finding that the Secretary stated a legitimate, non-discriminatory reason for why Lamar was not selected for the promotion: the three selectees were more qualified. And Lamar presented no evidence of pretext other than conclusory statements that he was more qualified.

After considering the briefs and the record, we find that summary judgment was properly entered.[1] The district court correctly found that disparities between Lamar and the three applicants selected were not "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" them over Lamar. *See Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (internal quotation marks omitted). We note that one of the three persons selected over Lamar was an African-American, and two of the three-members of the selection committee were African-American.

---

[1] The district court concluded that Lamar abandoned his age and retaliation claims because his response to the Secretary's motion for summary judgment addressed only his race discrimination claim. As Lamar does not challenge this ruling on appeal, his age discrimination and retaliation claims are deemed abandoned. *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

Because Lamar failed to meet his burden of showing that the Secretary's reason for failing to promote him was a pretext for race discrimination, the district did not err in granting the motion for summary judgment.

**AFFIRMED.**